**Case 15.**

**ORD. PET.**

### Swayzee *vs.* Miller.

APPEAL FROM JEFFERSON COUNTY COURT.

Where a guardian has been appointed to an orphan residing in Kentucky, and the residence of the orphan is changed, and a guardian appointed in the state of his or her residence, such foreign guardian has a right to draw from the guardian in Kentucky any personal property belonging to such orphan ward. (*Revised Statutes, page* 376.)

[The facts of the case are stated in the opinion of the court.—REP.]

*Bodley & Pindell* for appellant.

*J. Speed* for appellee.

December 24.      Judge DUVALL delivered the opinion of the court:

This was an application to the county court of Jefferson county, by the appellant as guardian of her infant daughter, Clara W. Miller, who is a non-resident, to compel the appellee to surrender certain slaves and personal property alledged to be in his hands belonging to the ward.

It appears from the facts agreed by the parties that the plaintiff's ward is the daughter of Dr. Warrick Miller, deceased, who was a resident of Jefferson county, in this state; that his daughter, Clara, was born in that county, and was a resident thereof when her grand-father, the defendant, was appointed her guardian; that she is now about eight years old, and that about three years ago she left Kentucky, and went to reside in Louisiana with her mother, who was then a resident of that state, and who, together with her daughter, has resided there ever since; that the removal of Clara from Kentucky to Louisiana was with the knowledge and consent of the defendant; that the appellant was afterwards regularly constituted the guardian of her ward, by the proper

tribunal in Louisiana, and that she had given bond, as such, with sufficient surety, to account for all the estate of her ward that might come to her hands.

The appellant bases her right to the possession of the slaves and other property of her ward, upon the 17*th sec. of art.* 11, *Revised Statutes*, 376, which provides that where there is a guardian in this state, of a non-resident minor, the guardian of such non-resident, appointed and qualified by the law of the place where the minor resides, may, by petition, either to the county court or circuit court of the county, and ten days' notice, compel the resident guardian to pay over and deliver, to such foreign guardian, any personal estate in his hands, belonging to the ward, for the purpose of removing the same to the ward's place of residence.

The county judge dismissed the petition and refused the application of the appellant, upon the sole ground that the appellee was not, in the sense and meaning of the Revised Statutes, the guardian of a non-resident infant; that the 17*th section of article* 2, refers to a case where there is a guardian in this state, *appointed* of a non-resident minor, as such, *at the time*, and not to a case where the guardian was originally appointed for a *resident* minor, who has subsequently become a non-resident of this state; that the legislature cannot be presumed to have intended that the guardian of the resident ward's person and property, appointed in this state, should be dispossessed by the act of the ward's mother in changing the domicil of the ward to another state, and here becoming herself the guardian.

This distinction, ingenious and plausible in itself, and ably maintained by the judge in his opinion, is not, in our judgment, authorized by any reasonable or fair construction of the statute, or by any view of its obvious policy, or of the evil intended to be remedied by it. At the time this application was made, the appellee was unquestionably the guardian of a non-resident minor, having property in his

Where a guardian has been appointed to an orphan residing in Kentucky, & the residence of the orphan is changed, and a guardian appointed in the state of his or her residence, such foreign guardian has a right to draw from the guardian in Kentucky any personal property belonging to such orphan ward.— (*Rev. Stat. page* 376.)

hands belonging to his ward, who was a resident of another state.   He was not entitled to the custody of the person of his ward; that he had lost or waived by his ward's change of domicil with his consent; his duties, powers, and rights as guardian became therefore precisely the same, in every conceivable particular, as if he had been originally appointed guardian *for the estate* of a non-resident minor.   And why was it not just as proper that he should be compelled to surrender the estate of the minor to her natural protector and legal guardian, as if the minor had been a non-resident when he assumed the guardianship.   Every reason for a change in the custody of the ward's property applies equally to either state of case.

A guardian residing in a distant state, having the custody there of the person of an infant, and charged with its education and nurture, and at the same time a guardian residing here having control of its property, occasioned not only great inconvenience to the guardians, and great embarrassments in the discharge of their respective and appropriate duties, but was found to be highly detrimental to the interests of the ward.   This was the evil to be remedied, and a remedy, ample and appropriate, was provided by the 17*th section of the Revised Statutes* before recited, the effect and obvious purpose of which was to unite in one individual the responsibilities and functions which properly appertain to the office of guardian, and to the same person the nurture and education of the ward, and the custody of his or her estate. And the fact that the ward was a resident when the guardian here was appointed, and afterwards became a non-resident, cannot be considered as either mitigating the evil referred to, or as rendering less appropriate the remedy provided by the statute.

We are therefore satisfied that the case as made out by the appellant is authorized, not only by the letter of the statute, but by its obvious policy and spirit.

The judgment must therefore be reversed, and the cause remanded for further proceedings, in conformity with this opinion.